UNITED STATES BANKRUPTCY COURT
DISTRICT OF MAINE

In re:

WILLIAM LONGMORE,

Debtor.

Chapter 13
Case No. 18-20028

**ORDER DISMISSING CASE**

This matter came before the Court on a motion filed by the chapter 13 Trustee (the "Trustee") seeking the dismissal of the case of debtor William Longmore (the "Debtor"). The Trustee requests this relief under 11 U.S.C. § 1307(c) due to the Debtor's failure to make plan payments and submit business operating statements in a timely manner.

The State of Maine Bureau of Revenue Services ("MRS") filed a partial joinder in support of the motion to dismiss. However, while MRS agrees that the Debtor should not be allowed to proceed under chapter 13 of the United States Bankruptcy Code (the "Code"), it maintains that converting the case to a liquidation case under chapter 7, rather than dismissing it, better serves the interests of creditors and the estate.

Initially, the dismissal hearing was scheduled for December 11, 2018, but at that hearing the Trustee reported that the Debtor had made progress reducing the outstanding balance due on his plan payments and the Trustee agreed to continue the hearing to January 9, 2019. The night before the continued hearing, the Debtor filed a pleading styled as a notice of dismissal indicating both an intent and a request to dismiss his case under 11 U.S.C § 1307(b) which provides: "[o]n request of the debtor at any time . . . the court shall dismiss a case under this chapter." The notice is likely procedurally defective as a motion to dismiss because the Debtor failed to comply with Fed. R. Bankr. P. 1017(f), which permits a debtor to convert a case simply by filing a notice but

requires the filing of a motion in the event that a debtor seeks dismissal. However, the Court does not need to determine the effectiveness of that pleading nor does it need to decide whether a debtor's right to dismiss a case under 11 U.S.C. §1307(b) is unfettered because based upon a review of the facts of this case (including those set forth in the Debtor's schedules, MRS's joinder, Helene Rousselle's objection to confirmation, the parties' presentations at the January 9th hearing, and Ms. Rousselle's partial joinder in support of the motion to dismiss), the Court concludes that dismissal is appropriate under 11 U.S.C. § 1307(c).

Section 1307(c) permits the Court, for cause and upon the request of a party in interest or the United States trustee, to either dismiss or convert a chapter 13 case to one under chapter 7 based upon which result would be in the best interests of creditors and the estate. MRS maintains that conversion will allow a chapter 7 trustee to generate a meaningful distribution to unsecured creditors through the administration of real property located in Saco, Maine (the Property") and jointly owned by the Debtor and Ms. Rousselle. However, MRS did not present sufficient evidence to support that result. On the contrary, applying the applicable law to the facts presented leads to the opposite conclusion.

If the case were converted to one under chapter 7, the chapter 7 trustee would collect the Debtor's assets, liquidate them and then distribute the resulting proceeds in accordance with the Code. 11 U.S.C. §§704, 725, 726. The Debtor's interest in the Property is the only meaningful asset in this case. The Debtor has no more than six creditors. Northeast Credit Union has a claim of $39,070, secured by the Property. MRS has a total claim of $24,642.73, of which $16,932.26 is secured by the Property, $5,765.91 is a priority unsecured claim and $1,944.56 is a general unsecured claim. The Internal Revenue Service (the "IRS") has a total claim of $105,751.02, of which $63,249.47 is secured by the Property, $35,215.62 is a priority claim and $7,285.93 is a

general unsecured claim. The Thomas Agency holds $250.00 of unsecured claims. Ms. Rousselle asserts that two other claims may exist, but the validity of those claims does not affect this analysis.

Even assuming that the Property would sell for $235,000 (value asserted by MRS which is higher than the Debtor's estimated value of $219,000) and that a chapter 7 trustee could, as MRS suggests, avoid those portions of the MRS and IRS liens attributable to penalties, the lien held by Northeast Credit Union, Ms. Rousselle's one half interest in the Property, the unavoidable portions of the liens held by MRS and the IRS, the trustee's statutory fee, any real estate taxes, closing costs and expenses, and the Debtor's unchallenged claim of a homestead exemption in the amount of $92,000 would more than consume the estate's interest in the sale proceeds. Converting this case to one under chapter 7, therefore, would leave nothing to distribute to the unsecured creditors. Further, in determining what course of action would be in the best interests of the creditors and the estate, the Court is mindful that Ms. Rousselle maintains that she will be irreparably harmed if the case were converted and that she, along with the Trustee and the Debtor, supports a dismissal.

For the foregoing reasons, the Trustee's motion to dismiss is GRANTED and this case is hereby DISMISSED.

Dated: January 25, 2019    /s/ Peter G. Cary
Judge Peter G. Cary
United States Bankruptcy Court